The Fourth District Appellate Court of the State of Illinois has reconvened. The Honorable Robert J. Stegman presiding. Thank you, Mr. Bailiff. This is our case number 422-0152, People of the State of Illinois v. Vincent E. Molina. Appearing for the appellant is Lucas McNeil. You are he, sir? Yes, sir. Appearing for the appellate is James Mertes. You are he, sir? Yes, sir. Can you hear me okay? I can hear you just fine. Thank you. Well then, Mr. McNeil, you're the appellant, so you may proceed. May it please the court and counsel, brief review of the facts here. Police trooper Wagand pulled over a car in which defendant was a passenger. Upon approaching the vehicle, Wagand smelled a strong odor of raw cannabis emanating from the vehicle. He then searched the vehicle based on the probable cause of that strong odor, found cannabis in the car in two different places. Defendant filed a motion to suppress, arguing that since the Cannabis Regulation and Tax Act has been enacted, cannabis is basically legal in Illinois, and the smell of raw cannabis can no longer support the probable cause to base a search on. The trial court agreed and granted the motion, stating further that the smell of raw cannabis can be quite strong, even in small quantities, and there are many innocent reasons someone or someone's vehicle may emit the odor of raw cannabis. Tellingly, there was no evidence or testimony at the hearing concerning the general strength of the odor of raw cannabis or any other reasons why the particular car defendant was in smelled like raw cannabis. The trial court's granting of the motion to suppress was error for multiple reasons. First, as to the standard of review, the facts in this case are not in dispute. There's no credibility dispute. Everyone believed what trooper Wagand testified to. He was the only person to testify at the hearing. Therefore, this court is in just as good a position as the trial court to evaluate the issue before this court as well as the only issue before the trial court was whether the smell of raw cannabis can support the probable cause to search a vehicle. Counsel, in that regard, the medical and the tax acts do not require cannabis storage in an odor-proof container, correct? The medical act actually specifically claims or requires compliance with the Illinois Vehicle Code and specifically lists one of the statutory sections that requires transport in an odor-proof container. The Cannabis Regulation and Tax Act does not include any specific language like that in the cannabis regulation or in the medical cannabis act, but clearly does not mean the Illinois Vehicle Code is superseded at any rate. Well, but the legislature was certainly aware of the requirement of the Vehicle Code's odor-proof container requirement. At the time, it was amending the Tax Act, isn't that correct? And they didn't change the Vehicle Code requirement. They did not and both of those were amended the same day. So, it shows legislative intent, but clearly the Illinois Vehicle Code and the requirement of an odor-proof container is the legislative intent was not to supersede that section or any other section of the Vehicle Code. I mean, this was just one statutory subsection and it would be an absurd interpretation to presume that any statutory section of the Illinois Vehicle Code that is in conflict with the Cannabis Regulation and Tax Act is somehow invalid. Especially if we go by the one rule of statutory interpretation that would apply here, that being the more specific statutory section, clearly that section 502.15c from the Illinois Vehicle Code is more specific than any transportation language in the Cannabis Regulation and Tax Act. Again, as to the facts of this case, I think we're all on the same page. The Illinois Vehicle Code specifically, I'll say this mouthful once, 625 ILCS 5-11-502.15c. I'll just refer to that as section 502.15c in the future. This Vehicle Code statute specifically prohibits possession of cannabis in the passenger area of a motor vehicle, quote, except in a secured, sealed, or resealable odor-proof, child-resistant cannabis container that is inaccessible. In this case, Trooper Wagan smelled a strong odor of raw cannabis. Further, he testified that in his experience, he knows the difference between the smell of burnt cannabis and raw cannabis, and this was raw cannabis, in this case, a strong odor. Therefore, he had a requisite reasonable cause to believe section 502.15c had been violated and was currently being violated. Justice Steigman recently relied upon this very statutory section in NREA-MG. The facts were somewhat different. In that case, it was the observation of blunt tips on an unoccupied truck, and in that case, still the point remains that there could be a reasonable explanation for that too. The blunts are not stuffed with cannabis from the time that someone buys them at a convenience store or gas station, but the likelihood of someone doing that is very common. Therefore, a reasonable person in that officer's position would believe that there's a reasonable probability that a crime had taken place, specifically section 502.15c. I would say the odor in this case is even a stronger set of facts than that in NREA-MG. I would point to the Supreme Court which I quoted in my brief. That is admittedly concerned with medical cannabis and dealt with facts prior to the Cannabis Regulation and Tax Act being enacted, but the Supreme Court still stated the obvious, and that's that probable cause does not require an officer to rule out any innocent explanations for suspicious facts. That principle is applicable now just as in Hill, and that's exactly what the trial court did here. The trial court came up with far-fetched or implausible scenarios as to why this car smelled like raw cannabis and facts that weren't in the record, which I'll talk about later, but the point remains that the police officer was not required to come up with any kind of innocent scenario to explain these suspicious facts. Probable cause is not based on implausible scenarios. Instead, and this is another quote from Hill, requires only that the facts available to the officer would warrant a reasonable man to believe there is a reasonable probability that certain items may be contraband or useful as evidence of a crime. I would submit anybody, any reasonable man in Trooper Wagon's position smelling the strong odor of raw cannabis emanating from this vehicle would reason would believe there's a reasonable probability that section 502.15c of the vehicle code was being violated, and therefore there was the requisite probable cause to search. I would also note again that this is a state appeal. Of course, the burden is on me with this court, but the burden was on defendant at the motion to suppress hearing. Defendant had to overcome the burden that there was probable cause and show that there was a lack of probable cause. Defendant very well could have called an expert or someone to testify as to the strong odor of raw cannabis or to it having a lingering effect or something like that, or presented evidence that there was an innocent explanation in this very case. Defendant didn't know neither, and the trial court granting that application today as this traffic stop occurred after legalization of possession of a small amount of cannabis. Why did we apply old law, so to speak? There is a distinction between burnt cannabis in both of those cases and the raw cannabis in this case, but I would still say that I would still... Our position is that until the Supreme Court specifically overrules Hill, I think it goes to a totality of the circumstances situation for the police. Say there's some evidence of impaired driving mixed with the smell of burnt cannabis, I would submit that that would still be probable cause that a violation has taken place. But as far as the facts of this case, Hill and Stout, and therefore Rowell, which Rowell was another Justice Steigman opinion where he recognized that the cannabis laws were rapidly changing, and that also dealt with the factual scenario before the Cannabis Regulation and Tax Act took place or was enacted, but there's still a totality of the circumstances situation where we can't say any burnt cannabis in a car is no longer probable cause. It still factors into a totality of the circumstances as far as a reasonable officer in that position. Counsel, Stout dealt with the smell of burnt cannabis, and if I remember correctly, Hill dealt with the smell of raw cannabis, didn't it? I think Hill made no distinction between the two. But wasn't that the factual situation of what they found? The officers smelled raw cannabis. I'm not sure if you say so, sir. No, this wasn't a rhetorical question. I'm asking you... From what I remember of Hill, the officer didn't distinguish, but he just said he smelled cannabis. Oh, thank you. As the final thing I want to mention, again, I touched on it briefly already, the trial court here improperly relied upon knowledge or assumptions outside of the record. Trial court's ultimate conclusion was rested upon the determination that the odor of raw cannabis is strong and that there were numerous legal reasons or innocent reasons why someone might smell of raw cannabis in a car. In fact, the trial court went so far as to claim that, quote, this odor can and often does permeate items it is near or hasn't come in contact with and remain for an appreciable amount of time. None of this was based on any testimony or even any claims in defendant's motion. And this wasn't something like the sky is blue or water is wet. This is not something to take judicial notice of without something being presented in the record. As McBride said, I quoted in my brief, a determination made by the trial judge based upon a private investigation by the court or based upon private knowledge of the court, untested by cross-examination or any of the rules of evidence is improper. That's exactly what the trial court did in this case. And that's another thing for this court to look at when looking at the trial court's erroneous screening of the motion to suppress here. I don't know if your honors are aware of the third district stribbling opinion that came out September 19th, but I just wanted to take the opportunity to as in this case. Is that the only distinction? Well, they don't even talk about the basis of the stop here, which would be section 502.15c. They don't even mention that statutory section in stribbling. So therefore, it's really not much help to the panel in this case. And if your honors don't have any more questions, I think the court would ask them to reverse. Okay. Well, thank you, counsel. Mr. Mertes and the NAPOE. Good afternoon. May it please the court and counsel. My name is James Mertes and I represent the defendant NAPOE, Vincent Molina. The trial court's decision should be affirmed. The order of fresh raw cannabis emitting from a motor vehicle no longer provides a law enforcement officer with probable cause to believe that the vehicle and evidence of a crime. In 2019, with the passage of the Cannabis Regulation and Tax Act, the possession of cannabis in the state of Illinois became illegal. An officer's detection of the order of a legal substance, that is, the existence of probable cause to believe that something completely legal is afoot, does not provide any basis upon which the officer may perform a warrantless search of a motor vehicle. Mr. Mertes, alcohol is completely legal. If an officer sees it transported illegally, that's probable cause, is it not? Your honor, if the officer sees the alcohol being transported illegally, that is in fact probable cause. Just as in this case, if Trooper Wigand had seen cannabis being transported illegally, that would have provided him with probable cause. Why is it not probable cause of a violation of the vehicle code provision? I suspect that your honor's question... 50215. Sure, sure, sure. The question of whether or not it's an order-proof container. First, transportation of cannabis in an order-proof container is no longer a requirement of law. Second, even if this... Just a moment. I'm not suggesting the statute's been repealed. I'm not suggesting the statute's been repealed. I'm suggesting that the legislature could have, should have, and would have incorporated within the Compassionate Use of Medical Cannabis Program Act or the Cannabis Regulation and Tax Act, a provision that requires transportation in an order-proof container, if in fact it was the legislative intent to have that requirement persist in law. It did not. If we disagree with your argument, do you lose? Absolutely not. In other words, if we disagree with your argument that somehow 11-502.1B, dealing with the order-proof container, has been repealed, do you lose? Absolutely not. In answer to the court's first question, if the court finds that the legislature did not intend to repeal the order-proof container requirement, certainly the court still cannot rule against the defendant, and I'll explain why. Even if this court finds that the transportation in an order-proof container is a requirement of law, the order of raw cannabis does not establish probable cause with which to believe that the cannabis is being unlawfully transported. Now, the government's cynical view of its citizens binds no countenance in our constitutional protections. The government argues that any a motor vehicle must necessarily demonstrate its unlawful possession. Citing People v. Hill, the government argues that police officers and trial courts should not consider innocent explanations for the conduct of their citizens. The government affords no regard for the vast multitude of innocent ways in which the order of a legal substance may exist inside a vehicle. Instead, the government claims that the order of raw cannabis alone, if it can be detected, then illegal possession of raw cannabis must be occurring. The government advocates trespass upon a fundamental constitutional right by erring against, and not in favor of, liberty. As argued in the brief- So are you arguing then that the police are required to consider whether or not it might be lawful and other explanations that would account for the smell alone doesn't constitute probable cause? Well, certainly in consideration of the issue of probable cause, a reasonable law enforcement officer in the shoes of Trooper Wagan would consider innocent explanations. But to be more concise in my answer to you, Justice Steigman, the existence of the order of cannabis does not support the proposition that probable cause exists to believe that it's being illegally transported. The strong odor of cannabis, as it was described? Well, the senses of the human nose aren't capable of distinguishing whether or not, if the strong odor exists, that somehow that means that it's not in an odor-proof container. But it seems as though that by definition would mean it's not in an odor-proof container. Respectfully, I would argue that the mere existence of the strong odor of cannabis does not support the conclusion that the cannabis must be being transported in an unlawful manner. Well, just let me ask it this way, counsel. Prior to the statutory amendments that you cite upon which you base most of your claim, would it be correct to say that the strong odor of raw cannabis would have constituted probable cause under the law at that time? Under the law at that time when cannabis was illegal? Yes. Okay, so at some point it did. Though I note in your brief, you write that the smell of alcohol alone has never been found to justify a warrant for search of a vehicle, and therefore the smell of cannabis alone does not provide an officer probable cause with which to conduct a warrant for search. But as you just conceded prior to this new statute, there's no question that that order did provide probable cause. So the question is, to what extent did the statutory changes that you cite change the law so that the order of raw cannabis coming from a car no longer does? But I also wanted to quote to you the language from Hill that you seem to be disagreeing with, and about how there could be innocent explanations. The spin court in Hill said probable cause does not require an officer to rule out any innocent explanations for suspicious facts. First, that seems to be what the trial court did in this case by providing all kinds of potentially innocent explanations that, as Mr. McNeil noted, weren't supported by the record, but let's assume they were. The question is, if the smell, and let me break it down specifically, let's assume for the moment that the smell of raw cannabis would be enough to constitute probable cause coming from a car to justify probable cause to search it. Is it your contention that somehow the police, the probable cause is diminished because there could be reasonable explanations the court cited for where this order comes from? It's my answer to you, Justice Steigman, that the existence of the order, albeit strong, does not support the proposition that a crime is afoot. And that's ultimately the issue. The issue is whether or not the existence of the order supports the proposition that probable cause exists. Isn't probable cause merely a sufficient means to further investigate, to probable cause to believe that they find a strong odor of raw cannabis in this car, that there's cannabis in this car that is not, as Justice Thornton put it, is not in an odor-proof container because if it were, he wouldn't smell it. Respectfully, no. The existence of the order of cannabis, even the existence of the strong odor of cannabis, does not support the proposition that it's more probably true than not true that the cannabis is being transported in a container that is not. So you just cited the burden of proof in a civil law suit going to trial where the state's got to prove or the party has to prove 51 percent more probably true than not. That's not the criterion for probable cause. Are there reasonable grounds to believe is the criterion, not the one you just cited? Why are there not reasonable grounds for an officer to believe that there's open cannabis if it can smell the strong odor of raw cannabis in a car? Your Honor, in his earlier question, directed us to consider in answering this question the rationale of Hill. Let's remember what the Hill court said. At the time that Hill was decided, quote, decriminalization was not synonymous with legalization, end quote. So what the court was saying is there's a distinction between decriminalization and legalization. When it doesn't establish that there's a crime afoot, to answer the court's question more directly. Doesn't establish? That's not the question. Does it provide reasonable grounds to believe that a crime is afoot? No, it does not. It provides reasonable grounds to believe that a completely lawful legal substance exists in the car. If the smell of old sneakers can be detected by the officer, what he's smelling is that the odor, it might be unpleasant, but it's the odor of something that's completely legal and lawful to possess. Vehicle code, I want to ask you about this as well. You argue that 11-502.1c was implicitly in recent years. And to argue an implicit overrule means somehow the legislature overlooked the fact that here was this statute repeatedly cited, I might mention, by the primary Supreme Court case on point, Peabody Hill. And their intention was to no longer establish probable cause for belief that it wasn't being transported on a proof container, but somehow the legislature forgot or overlooked or inadvertently concluded not to specifically repeal this provision. Is that your argument? No, it's a little more than that, Justice Steigman. The Illinois Vehicle Code admittedly provides stricter requirements for the transportation of cannabis than those that are required in the two more recent acts. But that's ultimately the point. And that is that the two more recent and more specific acts both gave the legislature an opportunity to incorporate the more strict prior provision. The legislature did not do so. What do you mean to incorporate the more strict? It was already in existence, Counsel. It was in existence. Either they repealed it or they left it in existence. Wasn't that their choice? It was the choice of the legislature to include the strict provision in the incorporation of the new acts that dealt with the legalization of cannabis. When the Vehicle Code was enacted by our legislature with its strict provisions, the possession of cannabis was not legal. If the legislature intended to have the strict provisions regarding order proof containers persist, the legislature could have, should have, would have done it. It did not do so. Mr. Murtis, isn't there a rule of construction for courts to follow that the implied repeal of a statute is an unfavored, disfavored conclusion for us to draw, that there would have to be clear evidence? As a general proposition of law, that is undoubtedly true, Your Honor. However, where two provisions, the subsequent provisions of statute are specific and they do not incorporate the prior stricter provisions of the Vehicle Code, it is appropriate for this court to conclude that the legislature, though it could have, should have, and would have incorporated that stricter provision, did not do so. And that's evidence of legislative intent to not incorporate that provision as it pertains to the transportation of cannabis. Well, I can imagine that the transportation of alcohol was probably also illegal during prohibition. I don't know that it became legal just because prohibition went by the boards. I mean, there's separate concerns here, right? There, as you said, this is not the smelly sneaker. This is something that is not completely legal. There are circumstances under which it is not legal, certain quantities, certain uses, certain places of use, and certain ways of transportation. So it's not a purely legal substance. And Justice Doria, I was actually considering invoking reference to prohibition in answer to one of Justice Feigman's earlier questions as well. The existence of the order of alcohol in and of itself does not provide a basis to search a vehicle. The possession of, the transportation of alcohol is regulated by the vehicle code, most certainly. But the mere existence of the order of alcohol does not support the probable cause to believe that alcohol is being illegally transported in a motor vehicle. The thing is, let's consider the census, right? With alcohol, if I see you transporting open alcohol, I've seen the violation. If the violation here is the smell of the cannabis, meaning it's not being transported in an odor-proof container, haven't my census perceived the violation? Those are two different things. And I appreciate the court's question because it allows me to accentuate the distinction. The order of cannabis in a motor vehicle is not prohibited by law. I want to say that very clearly and succinctly again. The order of cannabis in a motor vehicle is not prohibited by law. If this court finds that the legislature's enactment of two subsequent acts does not evince a legislative intention to repeal the earlier strict provision, it doesn't change the proposition that the order of cannabis in a motor vehicle is not a criminal act. The transportation in an odor-proof container does not necessarily result in the conclusion that if you can smell cannabis, it must not be being transported. But does it give rise to probable cause that that may be happening? No, it does not. No, it does not. It is probable cause to believe that something completely legal is going on. And that's not a basis to intrude upon our privacy. It's not a basis to invade our motor vehicles and search them. The order of cannabis in light of the legalization of cannabis, and this, by the way, is the moment that Hill foretold. This is the moment that the Hill court told us was coming. With the legalization of cannabis, the order of that legal substance gives probable cause to believe that something legal is going on in that motor vehicle. And that's just- The gist of your argument is that the strong smell of raw cannabis received by a police officer gives no reasonable basis for the officers to conclude that cannabis is not being transported in an airtight or proof container within the car. Is that right? That's correct. The order of raw cannabis, the strong order of raw cannabis does not give the officer probable cause with which to believe that cannabis is being unlawfully transported in the motor vehicle. Was there evidence developed in the record to support that conclusion? Certainly the evidence was developed in the record that there was a strong order of raw cannabis. The court made the findings that the trial court made with respect to what that shows and what it doesn't show. But without evidence to support those findings? Well, the court relied on its common knowledge, which I believe, as argued in the briefs below, was entirely appropriate for the court to do. And quite frankly, I think that the third district in Stripling was absolutely correct when it opined that stout was no longer applicable to post-legalization fact patterns. This court should consider Stripling, which admittedly was a burnt cannabis case. In answer to your question to my opponent earlier, Justice Stideman, Hill was a case that dealt with raw cannabis specifically in that case. It is part of that record and it is part of that opinion that the officer was detecting the order of raw cannabis. So we looked at- Thank you for that. But let me just ask again, because this is really an important point, I think, for myself and my colleagues as well. 11-502.1c makes it criminal to transport cannabis and other than the secured seal or order-proof container within an automobile. And what I'm trying to discern is, do you say that the subsequent action by this legislature was an implicit repeal of that language? But I'm still trying to figure out, I want to give you another chance to tell us, why didn't the legislature make it explicit if, as you argue, it was their intention to repeal that provision? The legislature can change the statutory schema of the state in multiple ways. Certainly, express repeal is one of them. Another, however, and this has been decided previously, another is when this legislature imposes more specific, more recent acts, which do not incorporate the prior stricter provision that was enacted in different times under different circumstances. Well, you keep on talking about not incorporating it, but the problem with that reference is, it's already in existence. It's not as if they had to put it into the new acts or address it somehow. It's in existence. So the option for the legislature is to leave it alone or to explicitly repeal it. You're arguing that their leaving it alone amounted to an implicit repeal, and I have trouble understanding how. I'm arguing that the legislature has multiple opportunities to incorporate that prior provision into the current acts and its specific purposeful omission of that incorporation connotes a legislative intention to repeal the prior act. However, even if this court finds that the prior act is not repealed by legislative action or omission, the existence of the order of cannabis, even the strong order of cannabis, does not support the proposition that the cannabis is being possessed or transported unlawfully. There's been reference to alcohol, and I think that that's an appropriate analogous circumstance. Alcohol cannot be transported with a broken seal. You can't have an open container of alcohol in the motor vehicle. If the officer detects the order of alcohol without more, that's not a basis to search the vehicle. Thank you, counsel. Your time is up. Thank you for your arguments, and Mr. McNeil, this is your opportunity for rebuttal if you wish. The Cannabis Regulation and Tax Act is neither more recent or more specific than section 502.15c. I don't know why I didn't mention this earlier, but the plain language of section 502.15c, it specifically prohibits possession of cannabis in the passenger area of a motor vehicle except in certain containers. If this was only concerned with before cannabis was legal, as counsel points out, then there wouldn't be any exception at all in the plain language. In fact, there wouldn't be any reason for section 502.15c to exist other than they're giving exceptions or reasons how to transport this apparently legal cannabis. So the plain language of section 502.15c, especially when we consider it with the Cannabis Regulation and Tax Act, both enacted the same day or both at least last amended the same day, it's clear that they should be read in harmony with each other, just like any other section of the vehicle code, whether it be impairment based on cannabis or something like that, simply because the Cannabis Regulation and Tax Act might not mention specifically as much as counsel wants the requirements for impaired driving on cannabis. That doesn't mean that the drivers can ignore the sections of the vehicle code regarding impaired driving. The only other thing I wanted to point out is, Justice Stowe already pointed out this much more effectively than I did, cannabis is still illegal in most situations. All the Cannabis Regulation and Tax Act did was permit certain people to possess cannabis in certain amounts in certain situations. That is important here because we're looking at from a reasonable trooper wagons perspective. Here he finds a strong odor of raw cannabis. Section 502.15c is valid. Therefore, there's probable cause to search the vehicle and the trial court erred in finding otherwise. And if there are no more questions, I thank the court. Okay, counsel. Thank you both for your arguments. The court will take this matter under advisement and be in recess.